*Judgment for the plaintiffs.*

## Darius Newhall *versus* Ethan Pierce *et al.*

A bond of defeasance of a deed of land must be put upon record, in order to prevent an attachment by a creditor of the grantee.

Notice to the creditor of the existence of such a bond, is not to be inferred from the single fact of the grantor's continuing in possession after the deed given by him has been recorded.

Trespass *quare clausum fregit.* The plaintiff, being owner and in possession of the *locus in quo,* conveyed it to Nehemiah Newhall by deed dated the 18th of February, 1823, and recorded on the 21st, and at the same interview, but after the deed was executed, Nehemiah Newhall executed a bond to the plaintiff dated the 19th of February, conditioned that he would reconvey upon payment of a sum of money within three years. On the 14th of January, 1826, the defendants attached the land on mesne process, and subsequently extended upon it, as belonging to Nehemiah Newhall. On the 11th of February, 1826, which was before the extent, the bond was recorded, the defendants having previously had no knowledge of its existence.

*Bacon* and *Coffin,* for the plaintiff, cited *Jackson* v. *Dubois,* 4 Johns. R. 216.

*Baylies* and *Eddy,* for the defendants.

Oct. 25th

---

[1] See Revised Stat. *c.* 45, § 1.

Nev all
Pi' :e.
Oct. 7th.

*Per Curiam.* It is not necessary to decide whether the deed and bond constituted a mortgage ; for if they did as between the plaintiff and Nehemiah Newhall, they had not that operation in regard to third persons, as the bond was not recorded. The statute .is clear, that a bond of defea‐ sance must be put upon record in order to prevent an attach‐ ment.[1] The single fact that the plaintiff was in possession, will not justify an inference that the defendants had notice of the bond, the plaintiff having been the original owner of 'the land.

*Plaintiff nonsuit.*